UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80840-CIV-MARRA

KAYLA HESS, a minor, by SUSAN
McKENZIE, her guardian, and SUSAN
McKENZIE, as individual consumers and
on behalf of all others similarly situated,

                    Plaintiffs,

vs.

McNEIL-PPC, INC., a New Jersey
corporation,

                    Defendant.

_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiffs' Motion for Reconsideration or, Alternatively, Leave to File Voluntary Dismissal Without Prejudice. (DE 55). Defendant has filed a response memorandum and the matter is ripe for review. The Court has carefully reviewed the briefing and is otherwise fully advised in the premises.

Plaintiffs initiated this class action on June 4, 2009, alleging various state-law claims arising from Defendant's nationwide recall of its mouth-wash product, which Plaintiffs allege resulted from negligence or defective design, testing, manufacture, assembly, and development. (DE 1). On October 13, 2010—seven months after the deadline to amend pleadings—Plaintiffs requested leave to file a third amended complaint, a continuance of all proceedings or, alternatively, an extension of the discovery-cutoff deadline. Plaintiffs based their requests upon "new evidence" allegedly revealed during a September 30, 2010 congressional hearing regarding a recall of an unrelated product manufactured by Defendant.

On November 2, 2010, the Court denied Plaintiffs' motion as procedurally improper under the Local Rules and for failure to show good cause for amending the Court's scheduling order. (DE 54). With respect to good cause, the Court reasoned that Plaintiffs provided "no explanation at all regarding how their asserted basis for amendment—a government investigation into the recall of an unrelated product—is relevant to the proposed request for injunctive relief. Furthermore, there is no reason why Plaintiffs could not have included a claim for injunctive relief in one of their two previous amended complaints." (DE 54). The Court further found that Plaintiffs' requested continuance and deadline extension would "require additional extensions of the discovery cutoff deadline, dispositive-motion deadline, and trial date, all set forth in the Court's March 15, 2010 scheduling order. But again, Plaintiffs fail to show good cause for such modification to the Court's order. Plaintiffs do not describe the discovery they seek, explain how this information was unavailable during the past seven months of discovery, nor explain the necessity or relevance of 'conforming' their ongoing discovery in this matter to an investigation into an unrelated product recall." (DE 54).

Plaintiffs now move the Court to reconsider its November 2, 2010 Order. Plaintiffs argue that they have had difficulty scheduling depositions with Defendant, which requires a continuance or deadline extensions. Plaintiffs explain that they first contacted Defendant's counsel to schedule depositions on August 19, 2010—five months after the Court's scheduling order and less than two months before the class-certification motion deadline. (DE 56, Ex. 1.) Defendants' counsel responded the next day with a proposal for conducting depositions in a matter of weeks, during the "last several weeks of September and the first week of October." (DE 55, Ex. 2.) On September 10, 2010, Defendants' counsel proposed the weeks of September

20 or October 11 for Plaintiffs' depositions.  (DE 55, Ex. 3.)  Instead of conducting depositions on these dates, however, Plaintiffs filed the Amended Motion for Continuance (DE 50)—filed on October 13, 2010, after both of Defendant's proposed deposition dates passed.  The Court ultimately denied the motion on multiple grounds.  (DE 54).  The instant motion for reconsideration explains that "Plaintiffs' counsel wrongfully assumed that the court would permit an extension of discovery" and therefore "Plaintiffs did not take depositions during the two vague time periods provided by the Defendant."  Pls.' Mot. at 3.  Thus, because Plaintiffs still have not conducted any depositions in this matter, Plaintiffs argue good cause exists to amend the scheduling order to extend the discovery and class-certification-motion deadlines.[1]

A motion for reconsideration is appropriate where (1) an intervening change in controlling law has occurred, (2) new evidence has been discovered, or (3) there is a need to correct clear error or prevent a manifest injustice.  *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  The moving party must set forth facts or law of a "strongly convincing nature" to induce the court to reverse a prior decision.  *Williams*, 320 F. Supp. 2d at 1358.  Reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  *Sussman*, 153 F.R.D. at 694.

The Court rejects Plaintiffs' argument—difficulty in scheduling and conducting depositions—as a valid basis for reconsideration of the Court's November 2, 2010 Order.  This argument is entirely absent from Plaintiffs' first motion, which was premised exclusively on the

---

[1] Plaintiffs' motion incorrectly argues under the good-cause standard for amending a scheduling order.  Plaintiffs ignore the reconsideration standard, and applicable case law, under which the Court must analyze this motion for reconsideration.

3

"new evidence" allegedly revealed during a congressional hearing.  Additionally, there is no reason why Plaintiffs could not have asserted this deposition difficulty in their original motion. Plaintiffs cannot submit new arguments, based on old evidence, after their original arguments fail.

Moreover, the Court rejects on the merits Plaintiffs' new argument for amending the Court's scheduling order.  Plaintiffs argue that they conducted discovery "in earnest."  According to Defendants' uncontested affidavit, however, Plaintiffs have not conducted *any* discovery thus far.  (Decl. of E. Boyer at 2-3, DE 57, Ex. 1.)  Despite initiating this case nearly eighteen months ago, and despite a class-certification motion deadline of October 18, 2010, Plaintiffs have failed to serve any written discovery or depose any witnesses.  (*Id.*)  Plaintiffs' position is further undermined by their admission in the instant motion that "Plaintiffs' counsel wrongfully assumed that the court would permit an extension of discovery and wrongfully assumed that the court would grant leave to amend the Complaint" and therefore "did not take depositions during the two vague time periods provided by the Defendant."  Pls.' Mot. at 3.  Plaintiffs' decision to forgo depositions during the September 20 through October 11 period, and instead file a motion for continuance *after* those dates had passed, belies any claim that Plaintiffs earnestly conducted discovery.  Plaintiffs have plainly failed to act diligently in conducting discovery, and this precludes a finding of good cause.  *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (quoting Fed. R. Civ. P. 16 advisory committee's note); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

4

Plaintiffs also request that the Court extend the class-certification motion deadline by granting Plaintiffs' Motion for Extension of Time to File a Motion for Class Certification (DE 48), filed on October 11, 2010, which Plaintiffs claim "the court has not yet ruled on."  Pls.' Mot. at 4.  Plaintiffs are mistaken.  On October 12, 2010, the following day, the Court denied Plaintiffs' motion for failure to comply with the Local Rules.  (DE 49).

Plaintiffs last request that, if the Court denies reconsideration, the Court grant Plaintiffs "leave to file a dismissal without prejudice" under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Pls.' Mot. at 4.  Defendant does not oppose such dismissal, but requests that the Court subject the dismissal to the following conditions:

1) That, if Plaintiffs or their counsel re-file the Florida class action, that it be filed in the Southern District of Florida and agree the Court may order the matter assigned to this specific Court;
2) That, if re-filed, Plaintiffs agree they will have only 60 days to conduct discovery from the time McNeil answers or files a responsive pleading;
3) That Plaintiffs file the class-certification motion within 30 days of the answer by McNeil;
4) That, if Plaintiffs or their counsel re-file the Florida class action, they must pay McNeil's statutorily-permitted costs; and
5) That, if Plaintiffs re-file, they may not add allegations regarding the Tylenol recall.

Def.'s Mot. at 3.

As to the first proposed condition, the Court will not limit Plaintiffs' choice of an appropriate forum if they decide to re-file this case.  If Plaintiffs re-file this case in a different forum which proves to be improper or inconvenient, Defendant will have appropriate remedies available to it.  If this case is re-filed in this district, without a substantial change in issues or parties, Local Rule 3.8 and Section 2.15.00 of the Court's Internal Operating Procedures already require that it be transferred to this judge.  The Court also declines to adopt the second, third, and

fifth conditions, as such matters should be determined by the presiding judge if and when the

case is re-filed.  The Court will adopt Defendant's fourth proposed condition, as Rule 41(d) of

the Federal Rules of Civil Procedure provides the Court with such discretion, and the Court

believes that Defendant should be reimbursed for any costs it incurred in these proceedings in the

event that Plaintiffs re-file these same claims.

      For the foregoing reasons it is hereby **ORDERED AND ADJUDGED** that Plaintiffs'

Motion for Reconsideration or, Alternatively, Leave to File Voluntary Dismissal Without

Prejudice (DE 55) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs' request for

reconsideration of the Court's November 2, 2010 Order is **DENIED**.  Plaintiffs' request to

dismiss this action without prejudice is **GRANTED**.[2]  Under Rule 41(d)(1) of the Federal Rules

of Civil Procedure, if Plaintiffs re-file these same claims against Defendant, Plaintiffs shall pay

the costs Defendant incurred for this action.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 1st day of

December, 2010.

                                                   KENNETH A. MARRA
                                                   United States District Judge

Copies to:
Counsel of Record

---

[2] The Court dismisses this case on the assumption that Plaintiffs' "request for leave to file a voluntary dismissal without prejudice," Pls. Mot. at 6, was a request for an order of dismissal. If the Court is mistaken, Plaintiffs may file a motion to vacate or amend this Order.